UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re: | Bankr. No. 13-50026 |
| | Chapter 7 |
| ZACCHARY MCKENSIE ALCORN | |
| SSN/ITIN xxx-xx-9284 | |
| | |
| and | |
| | DECISION RE: TRUSTEE'S OBJECTION |
| JENNIFER RAECHELLE ALCORN | TO CLAIMED EXEMPT PROPERTY |
| fka Jennifer Raechelle Tausan | |
| SSN/ITIN xxx-xx-8696 | |
| | |
| Debtors. | |

The matter before the Court is Trustee Forrest C. Allred's Objection[ ] to Claimed Exempt Property. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court will sustain the objection to the extent provided herein.

I.

The relevant facts are not in dispute. Zacchary McKensie Alcorn and Jennifer Raechelle Alcorn ("Debtors") filed a petition for relief under chapter 7 of the bankruptcy code on February 7, 2013 (doc. 1). During the 730-day period immediately preceding that date,[1] Debtors' domicile was not located in a single state: Debtors were domiciled in Nebraska until they moved to South Dakota in May 2012,

---

[1] By the Court's calculations, the 730-day period began on February 8, 2011.

and they were domiciled in South Dakota thereafter.[2]  During the entire 180-day period immediately preceding that 730-day period,[3] Debtors were domiciled in Nebraska.[4]

On their schedule C ("Property Claimed as Exempt") (doc. 1, pp. 16-17), Debtors claimed their home exempt under NEB. REV. STAT. § 40-101, they claimed various items of personal property exempt under NEB. REV. STAT. § 25-1556(1), (2), (3), and (4), they claimed a "BB1 Pellet Gun" and their interest in an insolvent corporation exempt under NEB. REV. STAT. § 25-1552, and they claimed their accrued wages exempt under NEB. REV. STAT. § 25-1558.  Trustee Allred timely objected to Debtors' claim of exemptions (doc. 18).  Debtors timely filed a response to Trustee Allred's objection (doc. 22).

In his objection, Trustee Allred first argues, presumably in reliance on 11 U.S.C. § 522(b)(3)(A), Debtors may only claim their property exempt to the extent allowed under Nebraska law.  He then argues because the exemptions set forth in NEB. REV. STAT. §§ 25-1556(1), (2), (3), and (4) and 25-1552 may only be claimed by residents of Nebraska, Debtors cannot claim any of their property exempt under those sections.  He then argues NEB. REV. STAT. § 25-1558 is a garnishment statute and is thus

---

[2]Neither Trustee Allred nor Debtors suggest Debtors' domicile and their residence were not congruent at any time during the 730-day period.  Consequently, the Court presumes they were one and the same throughout that period.

[3]By the Court's calculations, the 180-day period began on August 12, 2010.

[4]Neither Trustee Allred nor Debtors suggest Debtors' domicile and their residence were not congruent at any time during the 180-day period.  Consequently, the Court presumes they were one and the same throughout that period.

inapplicable in a bankruptcy case. Finally, he argues because a non-resident debtor may claim *some* property exempt under Nebraska law–most notably, a homestead under NEB. REV. STAT. § 40-101–Debtors cannot avail themselves of the safe harbor provided in the so-called "hanging paragraph" of § 522(b)(3) and instead claim their property exempt to the extent allowed by § 522(d).

In their response, Debtors do not challenge Trustee Allred's first three arguments. They do, however, take exception to his interpretation of the hanging paragraph of § 522(b)(3).

II.

The filing of a petition for relief under the bankruptcy code creates a bankruptcy estate comprising, *inter alia*, all the debtor's legal and equitable interests in property on the petition date. 11 U.S.C. § 541(a)(1). A debtor may, however, claim certain property exempt. 11 U.S.C. § 522(b)(1). Such property is then excluded from the bankruptcy estate and is not available to satisfy claims against the debtor. *Benn v. Cole* (*In re Benn*), 491 F.3d 811, 813 (8th Cir. 2007).

Generally, a debtor may choose between the exemptions listed in § 522(d) and those provided in other federal law and in the law of the state in which the debtor was domiciled for the 730-day period immediately preceding the date on which he filed his petition for relief or, if the debtor was domiciled in more than one state during that 730-day period, the state in which the debtor was domiciled for a longer portion of the 180-day period immediately preceding that 730-day period than in any other state.

11 U.S.C. § 522(b)(1) (incorporating by reference the provisions of § 522(b)(2) and (3)). However, a state may "opt out" of the federal exemption scheme in § 522(d). 11 U.S.C. § 522(b)(2). In that event, a debtor domiciled in that state during the relevant period may only claim the exemptions provided in other federal law and in the law of that state. *Benn*, 491 F.3d at 813.

### III.

In this case, Debtors do not deny during the 730-day period immediately preceding the date on which they filed their chapter 7 petition, they were domiciled at different times in Nebraska and South Dakota and during the entire 180-day period immediately preceding that 730-day period, they were domiciled in Nebraska. The Court must therefore look to Nebraska law both to identify the exemptions Debtors may claim under state law and to determine whether Debtors may, in the alternative, choose to claim the federal exemptions listed in § 522(d).

Debtors offer no argument in support of their claims of exemption under NEB. REV. STAT. §§ 25-1556(1), (2), (3), and (4) and 25-1552. Debtors admit they are residents of South Dakota, and the exemptions set forth in those sections are limited to residents of Nebraska.[5] Thus, Trustee Allred's objection will be sustained to that

---

[5]NEB. REV. STAT. § 25-1556 provides: "No property hereinafter mentioned shall be liable to attachment, execution, or sale on any final process issued from any court in this state, against any person being a resident of this state[.]" NEB. REV. STAT. § 25-1552 similarly provides: "Each natural person residing in this state shall have exempt from forced sale on execution the sum of two thousand five hundred dollars in personal property, except wages."

extent.

Debtors likewise offer no argument in support of their claim of exemption under NEB. REV. STAT. § 25-1558.  However, contrary to Trustee Allred's position, the exemption set forth in that section appears to be available to debtors in bankruptcy, even if the debtor's wages are not being garnished.  *See In re Cerda*, 2007 WL 4893451 (Bankr. D. Neb. 2007) (disallowing a claim of exemption under NEB. REV. STAT. § 25-1558, but only because the account receivable at issue did not constitute compensation paid or payable by an employer to an employee).  Moreover, unlike the exemptions set forth in NEB. REV. STAT. §§ 25-1556(1), (2), (3), and (4) and 25-1552, the exemption set forth in NEB. REV. STAT. § 25-1558 may be claimed by non-residents.  *Wright v. Chicago, B. & Q. R. Co.*, 19 Neb. 175, 27 N.W. 90 (1886). Thus, Trustee Allred's objection will be overruled to that extent.

The final issue presented is whether Debtors should be allowed to amend their schedule C to claim the federal exemptions listed in § 522(d).  At first blush, the answer would appear to be no:  Nebraska has opted out of the federal exemption scheme.

> The federal exemptions provided in 11 U.S.C. [§] 522, subsection (d), are hereby rejected by the State of Nebraska.  The State of Nebraska elects to retain the personal exemptions provided under Nebraska statutes and the Nebraska Constitution and *to have such exemptions apply to any bankruptcy petition filed in Nebraska after April 17, 1980*.

NEB. REV. STAT. § 25-15,105 (emphasis added).  However, as the italicized text

-5-

indicates, it did so in a manner that limits its opt-out to debtors filing for bankruptcy in Nebraska.[6] *In re Long*, 470 B.R. 186, 188-89 (Bankr. D. Kan. 2012). Because Debtors filed their chapter 7 petition in South Dakota, the Nebraska opt-out does not apply to them, and they may amend their schedule C to claim the federal exemptions listed in 11 U.S.C. § 522(d).[7] *Id.* at 189.

The Court will enter an order sustaining Trustee Allred's objection to the extent provided herein and allowing Debtors until July 22, 2013 to amend their schedule C to claim the federal exemptions listed in § 522(d).[8]

Dated: July 3, 2013.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[6] Nebraska is apparently not alone in limiting its opt-out in this manner. *See, e.g., In re Rody*, 468 B.R. 384, 388–89 (Bankr. D. Ariz. 2012) (Arizona); *In re Townsend*, 2012 WL 112995 (Bankr. D. Kan. Jan. 12, 2012) (Oklahoma); *Camp v. Ingalls* (*In re Camp*), 631 F.3d 757 (5th Cir. 2011) (Florida).

[7] Trustee Allred was given an opportunity to submit contrary authority on this point (doc. 25), but elected not to do so (doc. 28).

[8] The Court does not reach the issue of whether, because a non-resident debtor may claim *some* property exempt under Nebraska law, such a debtor cannot avail himself of the safe harbor provided in the hanging paragraph of 11 U.S.C. § 522(b)(3).